1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10
11
12
13
14
15

ROBERT J. ALEXANDER,

                Plaintiff,

    v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

                Defendant.

CASE NO. 12-cv-05323 JRC

ORDER ON PLAINTIFF'S COMPLAINT

16
17
18
19
20
21

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 3; Consent to Proceed Before a United States Magistrate Judge, ECF No. 4). This matter has been fully briefed (*see* ECF Nos. 12, 16, 17).

22
23
24

The ALJ in this case failed to provide reasons for disregarding relevant medical evidence from an examining physician. Nevertheless, because conflicts remain in the

medical evidence, this Court cannot award benefits without further factual findings by the ALJ.

Therefore, this Court orders that this matter be reversed pursuant to sentence four of 42 U.S.C. §405(g), and remanded to the Commissioner for further consideration.

## BACKGROUND

Plaintiff, ROBERT J. ALEXANDER, was 48 years old on his alleged date of disability onset of December 8, 2007(*see* Tr. 95). He previously was employed in heavy construction and operated a front loader – a job that involved continuous jarring, vibration and "banging" (Tr. 544). He has a history of neck pain, arm pain, and low back pain, and underwent lumbar and cervical spine surgeries (Tr. 335). Plaintiff underwent a C5-C6 microdiscectomomy on September 13, 2004 and C5-6 discectomy and fusion on February 13, 2008 (Tr. 261). It is undisputed that plaintiff has the following severe impairments: lumbar spine degenerative disc disease, cervical spine degenerative disc disease, and right eye blindness (*see* Tr. 11).

One of his treating physicians, Dr. Jaime Nicacio, M.D., a rehabilitation medicine specialist, conducted a series of physical examination and electrodiagnostic testing (Tr. 335). He concluded that, among other things, plaintiff had the following limitations:

- Can sit and stand and walk for 3 to 4 hours a day;
- No significant bending, stooping, squatting, or crawling (no crawling);
- Seldom twisting and bending and occasional reaching above shoulders;
- No lifting greater than 20 pounds;
- Seldom keyboard work;

- Seldom grasping and fine manipulation;
- Frequent use of foot controls.

(Tr. 336.)

Dr. Nicacio referred plaintiff to Dr. Ferdinando Proano, M.D., FACOEM, for "an impairment rating examination" required by the Washington State Department of Labor and Industries (*see* Tr. 544-52). After a thorough review of the records to date, Dr. Proano agreed with Dr. Nicacio's activity prescriptions (Tr. 552). A vocational report for the Department of Labor and Industries also concluded that Mr. Alexander could not return to his previous employment because of the same limitations, among others (*see* Tr. 602; *see also* Tr. 597-650).

Plaintiff also had been examined by Dr. Louis Almarez, M.D. in September of 2008 (Tr. 13). Dr. Almarez conducted a neurological evaluation and reviewed records. Contrary to Drs. Niccio and Proano, Dr. Almarez opined that claimant only had subjective complaints of cervical radiculopathy, with no objective findings to substantiate this particular complaint (Tr. 13, *citing* Tr. 264). Among other things, Dr. Almarez concluded based on his review of medical records that plaintiff "was able to lift with the heavy work category, with an occasional maximum floor-to-waist of 80 pounds." He also noted during his neurological exam "no impairment of fine finger movements" (Tr. 262).

PROCEDURAL HISTORY

Plaintiff protectively filed applications for disability insurance benefits on April 23, 2009 (*see* Tr. 95). His application was denied initially and following reconsideration

(Tr. 9). Plaintiff's requested hearing was held before Administrative Law Judge Dan R. Hyatt ("the ALJ") on November 18, 2010 (Tr. 21-41). On December 3, 2010, the ALJ issued a written decision in which he concluded that plaintiff was not disabled pursuant to the Social Security Act from December 8, 2007 through the date of this decision (Tr. 9).

On February 23, 2012, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-5). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court on April 16, 2012 seeking judicial review of the ALJ's written decision (*see* ECF No. 1). Defendant filed the sealed administrative record regarding this matter ("Tr.") on June 25, 2012 (*see* ECF No. 8).

Plaintiff filed his Opening Brief on July 25, 2012 (ECF No. 12). On September 21, 2012, instead of filing a responsive brief, defendant conceded that the matter should be reversed and remanded pursuant to Sentence 4 of 42 U.S.C. § 405(g) for further proceedings (*see* ECF No. 16). Plaintiff, however, requested that this matter be reversed and remanded with a direction to award benefits (*see* ECF No. 17).

Here, the parties agree that the ALJ failed to evaluate properly the medical evidence before him. Defendant concedes that the ALJ neglected to address the findings of Dr. Ferdinando Proano, M.D. (ECF No. 16, page 8, n.1).

The Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding

[such] evidence." *Flores, supra*, 49 F.3d at 571.  Because the ALJ failed to address Dr. Proano's opinions, the decision cannot stand.

The parties disagree regarding what remedy the Court should impose.  Defendant asks the Court to remand the case to the ALJ for consideration of Dr. Proano's opinions, but asks the Court to uphold the ALJ's determinations regarding plaintiff's credibility (ECF No. 16, page 12).  Plaintiff argues that the case should be remanded for an award of benefits or for further proceedings on an expedited basis (ECF No. 17, pages 1, 9.) Plaintiff notes that the matter has been pending for over three years and that the evidence is allegedly "uncontroverted" that plaintiff is disabled and that further delay in awarding benefits would be unconscionable (*id.* at 8 – 9).

## DISCUSSION

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra*, 211 F.3d at 1178 (*quoting Smolen, supra*, 80 F.3d at 1292).

The parties already have agreed that the ALJ failed to provide legally sufficient reasons for rejecting Dr. Proano's opinions, so the first test is met. Therefore, the Court must next determine if there are any outstanding issues that must be resolved before a determination of disability can be made.

Here, there are outstanding issues. As noted above, plaintiff's treating physician, Dr. Nicacio, concluded that plaintiff could not lift more than 20 pounds, could seldom perform keyboard work and could seldom engage in grasping and fine manipulation (Tr. 336), among other things. While the ALJ accorded this opinion "great weight" he failed to credit fully that opinion when considering plaintiff's RFC (*see* Tr. 13-14). Nevertheless, the ALJ also noted that plaintiff had been examined by Dr. Louis Almarez, M.D. in September of 2008 (Tr. 13), and his findings are markedly different. As noted by the ALJ, Dr. Almarez opined that claimant had subjective complaints of cervical radiculopathy, but no objective findings (Tr. 13, *citing* Tr. 264). Among other things, Dr. Almarez noted the indication in the record that plaintiff "was able to lift with the heavy work category, with an occasional maximum floor-to-waist of 80 pounds" (Tr. 262). He also assessed during his neurological exam "no impairment of fine finger movements" (*id*.).

According to the Ninth Circuit, "[t]he ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (*citing Magallenes v. Bowen*, 881 F.3d 747, 750 (9th Cir. 1999). It is not the job of the court to reweigh the evidence. If

the evidence is susceptible to more than one rational interpretation, then the ALJ's job is to resolve that evidence.  *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (*citing Morgan v. Commission of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

Because of the conflict in the medical evidence in this matter, the Court concludes that it is not "clear from the record that the ALJ would be required to find the claimant disabled." *Harmon v. Apfel*, 211 F.3d at 1178.  Therefore, further findings are necessary.

In light of the fact that the ALJ will be required to reevaluate all of the medical testimony, it is appropriate that the ALJ also reconsider his conclusions regarding plaintiff's credibility.  A determination of claimant's credibility relies in part on the assessment of the medical evidence.  *See* 20 CFR §404.1529(c).  Since the medical evidence needs to be reassessed, so too does the ALJ determination of claimant's credibility needs to be reassessed.

Plaintiff cites *Benecke v. Barnhart*, 379 F.3d 587 (9th Cir. 2004), for the proposition that remanding for further administrative proceedings gives the Commissioner an unfair "heads we win; tails let's play again" system of disability benefits adjudication (ECF No. 17, page 7, *quoting Benecke, supra,* 379 F.3d at 593), and suggests that because the ALJ made an error, the Commissioner should be punished by crediting the favorable testimony as a manner of law (ECF No. 17, page 9).  That is not the way this system of adjudication works.  It is not a game determined by the flip of a coin, but rather should be based on evidence.  Unfortunately, it sometimes takes far too long to resolve conflicts in the evidence, and procedural mistakes will occur, but this is no reason to abandon the process and award benefits without further proceedings. "A

claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Strauss v. Commissioner*, 635 F.3d 1135, 1138 (9th Cir. 2011).

Plaintiff also requests that the Court order expedited processing on remand and cites *Giampaoli v. Califano*, 628 F.2d 1190 (9th Cir. 1980). In that case, the district court had issued a remand order to the Administration that was then ignored by the Administration for seven months. *Id.* at 1192-93. The district court judge, "understandably exasperated at the delay" had ordered an award of benefits. *Id.* at 1193. On review, the Ninth Circuit Court determined that this was not an abuse of discretion. *Id.* at 1196. Here, there is no reason to assume that the Administration will ignore this Court's order on remand. Therefore, any remedy pursuant to *Giampaoli* would be premature.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 1st day of February, 2013.

J. Richard Creatura
United States Magistrate Judge